IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  **3:12-cv-00075-JPG-PMF** |
| | ) | |
| WARDEN RYKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are plaintiff Charles White's (Docs. 8, 9, 11, 19) motions for injunctive

relief and to amend the complaint.  Also before the Court is defendant Dr. Fenoglio's (Doc. 33)

notice.  For the following reasons, it is recommended that the plaintiff's request for injunctive

relief be denied as moot and that the plaintiff's request to amend the complaint be denied.

## I.    BACKGROUND

The plaintiff, Charles White, is presently an inmate at Lawrence Correctional Center

("Lawrence"), a correctional facility under the jurisdiction of the Illinois Department of

Corrections ("IDOC").   In its initial screening order (Doc. 12), the Court summarized the

relevant allegations of the complaint and pending motions as follows:

> Plaintiff is on a self-imposed hunger strike. As a result, he has been fed
> through a feeding tube since at least July 6, 2010. Defendant Fenoglio (physician)
> removed this feeding tube on September 23, 2010. However, at the time of
> removal on September 23, Defendant Fenoglio told Plaintiff that if he did not end
> his hunger strike, his feeding tube would be changed without medical justification
> in the future. Plaintiff did not end his hunger strike and accordingly, his feeding
> tube began to be changed without medical cause. Defendant Fenoglio first
> authorized Plaintiff's tube to be changed twice monthly. The tube was then
> changed twice weekly, then once a week, then "periodically every day," until
> ultimately it was changed after each meal every day for over a year (Doc. 1, p. 2).
> Defendant Fenoglio authorized these tube changes to discourage Plaintiff from

protesting by hunger strike. Plaintiff experienced nose and throat bleeds, vomiting, esophageal pain, extremely high blood pressure, and asphyxiation each time his tube was changed. He also had scar tissue from constant scratching and coughing caused by feeding tube changes. Plaintiff requested pain relievers for constant throat and esophageal pain, but the medical staff denied his requests. The medical staff was aware of the serious harm that Plaintiff suffered as a result of the excessive feeding tube changes, yet continued to perform unnecessary changes.

Defendant Fenoglio released Plaintiff from health care while he was on hunger strike and placed him without medical supervision in a cell that could not be seen on camera. The room was not sanitized and was full of flies. While in this cell, Plaintiff was tube fed with dirty utensils and containers, and the nurses used brown water to flush out his tube. Further, the nurses who changed Plaintiff's feeding tube often did not properly flush his tube or leave water in it to keep it clean and prevent air from entering Plaintiff's stomach during the feeding process; as a result, Plaintiff experienced cramping. The nurses also did not clean the syringe that was connected to Plaintiff's tube prior to his feedings. The syringe was only changed once every five months.

On multiple occasions, the nurses who performed Plaintiff's tube feedings did not provide him with the amount of supplements that Defendant Fenoglio ordered, telling Plaintiff that if he wanted more, he should "eat on his own." As a result of the nurses' failure to provide the correct amount of supplements, Plaintiff experienced weight loss. Defendant Fenoglio, however, knowing that Plaintiff was losing weight, reduced Plaintiff's supplements. Because of the weight loss, Defendant Fenoglio took blood and urine from Plaintiff in spite of Plaintiff's protests and without a court order.

...

Plaintiff has been in solitary confinement for approximately 15 months without a disciplinary ticket or hearing. Defendant Ryker placed Plaintiff in solitary confinement and deprived him of his necessities (unspecified property items) because of Plaintiff's protest by hunger strike.

...

Plaintiff filed a motion for a preliminary injunction preventing excessive feeding tube changing on April 6, 2012 (Doc. 8). Plaintiff alleges that Defendant Fenoglio authorized the excessive changing of Plaintiff's feeding tube out of retaliation for Plaintiff's protest by hunger strike and the lawsuit that Plaintiff filed against Defendant Fenoglio. Plaintiff suffered mental anguish as a result of his feeding tube being changed after each meal every day. Defendant Hodge placed Plaintiff in segregation with no pending investigation, no disciplinary report, and no adjustment committee hearing for over 15 months. Defendant Hodge also denied Plaintiff unspecified property by keeping Plaintiff in disciplinary status. Defendant Hodge did this in order to discriminate and retaliate against Plaintiff.

Plaintiff filed a motion for preliminary injunction or motion for temporary restraining order preventing excessive feeding tube changing on July 5, 2012 (Doc. 9). In this motion, Plaintiff alleges that Defendant Fenoglio refused to

surgically implant Plaintiff's feeding tube, which, if done, would have allowed Plaintiff's tube to go for long periods without being changed. In retaliation for Plaintiff continuing the hunger strike, Plaintiff's tube was changed after breakfast, lunch, and dinner every day from April 23, 2012 through June 28, 2012 (66 days). When Plaintiff's feeding tube was changed, he experienced asphyxiation and damage to the lungs because the tube became stuck in his lungs.

Plaintiff also filed a request for leave to file an amended complaint (Doc. 11) on August 7, 2012. The motion includes over 20 additional Defendants and omits two previously named Defendants. This motion also requests injunctive relief for the ongoing retaliation and curtailment of Plaintiff's food supplements. Plaintiff alleges in this motion that Doctor Shute (who was not previously named as a Defendant) authorized his feeding tube to be removed after each meal. He also claims that Defendant Fenoglio mandated that Plaintiff's used feeding tubes would be reinserted after removal instead of providing Plaintiff with new tubes upon reinsertion. Defendant Fenoglio refused to give Plaintiff medication for the sore throat that he suffered as a result of his dehydration and only authorized Plaintiff to be fed once every five days. Plaintiff claims that Defendant Hodge is retaliating for Plaintiff's hunger strike and grievance filing.

Doc. 12 at 1-5.

## II.    PROCEDURAL HISTORY

On January 24, 2012, White filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against eighteen defendants.  On August 13, 2012, the Court conducted preliminary review of the complaint pursuant to its authority in 28 U.S.C. § 1915A. *See* Doc. 12.  In that order, the Court dismissed all but two defendants; Warden Ryker and Dr. Fenoglio. *See id.*  The Court found that White stated three claims as follows:

COUNT 1: First Amendment Retaliation (for filing grievances and/or a lawsuit) against Warden Ryker and Dr. Fenoglio;

COUNT 2: Cruel and Unusual Punishment (feeding tube changes) against Dr. Fenoglio;  and

COUNT 3A: Deliberate Indifference to serious medical needs (injuries resulting from feeding tube changes) against Dr. Fenoglio.

### III.   DISCUSSION

The Court will first address the request for emergency injunctive relief and then turn to the request to amend the complaint.

#### A.  **Injunctive Relief Requests**

At the time of the requests for injunctive relief, White was on a self-imposed hunger strike.  White sought an injunction 1) to prevent the defendants from forcibly changing his feeding tube and 2) to order the defendants to surgically implant the feeding tube in order to allow for fewer feeding tube changes.  However, defendant Dr. Fengolio has filed a notice (Doc. 33) with the Court indicating that the requested injunctive relief is no longer necessary because White is no longer being fed through a feeding tube.  In support of his position, Dr. Fenoglio has filed the affidavit of Dr. Vipin Shah, the on-call physician for Lawrence. *See* Doc. 33-1.  Dr. Shah attests that he has reviewed White's medical information and spoken to White. *See id*. ¶ 3.  Dr. Shah states that White ended his hunger strike in August 2012 and is no longer being fed via a feeding tube. *See id*. ¶¶ 4-5.

The undersigned agrees that that requested injunctive relief is no longer necessary in light of White ending his hunger strike and the cessation of the feeding tube changes.  Accordingly, it is recommended that White's requests for injunctive relief (Docs. 8, 9, 11) be denied as moot.

#### B.  **Requests to Amend the Complaint**

In the (Doc. 12) threshold order, the Court also stated that White may have valid claims for deliberate indifference to serious medical needs against "nurses" who failed to "properly flush his feeding tube, failed to clean the syringe used in his tube feedings, and refused to provide him with the amount of supplements ordered by Defendant Fenoglio." *Id*. at 8.  The

Court granted White leave until approximately September 18, 2012, to identify those specific,

unknown individuals in a properly filed amended complaint. *See id.* at 13.

White filed a motion to amend the complaint on August 30, 2012. *See* Doc. 19.  In

that motion, White alleges as follows:

> L.P.N. Gobblers "inserted and remove[d] Plaintiff['s] feeding tube over each meal
> on a daily basis acknowledging the complication of nose bleeds, vomiting, the
> feeding tube sometimes get[ting] stuck in Plaintiff['s] lungs causing [choking],
> and Plaintiff would explain his physical pain to medical staff, which is ignored!
> L.P.N Gobblers and most nurses say they have no sympathy for Plaintiff['s]
> injuries and pain and suffering  because Plaintiff is doing it to himself.  R.N.
> Homan, R.N. Cunnins, R.N. Hovey, L.R.N. Higgins, R.N. Soyer, L.P.N. Sellers,
> L.P.N. Kaiser, L.P.N. Baker, and R.N. Darnold all excessively change Plaintiff['s]
> feeding tube without valid medical justification causing great pain, nose and
> throat bleeds and other physical problems to Plaintiff amount[ing] to cruel and
> unusual punishment arising from deliberate indifference. … Plaintiff talk[ed] to
> the healthcare administrative Phil martin about injuries and pain and suffering
> from the excessive tube changing … and Mr. Martin commented[, "That's what
> happens when a tube is inserted and removed." Martin] allowed the process to
> continue.

Doc. 19 at 2.  While the Court appreciates White's attempt to clarify the complaint and name the

unknown defendants, it "will not accept piecemeal amendments to the original complaint." Doc.

19 at 13-14 (citing *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir.

2004) (providing that an amended complaint supersedes and replaces the original complaint,

rendering the original complaint void)).   Therefore, White's motion to amend the complaint

should be denied, and he should be granted to leave (30 days) to properly file an amended

complaint.  In order to accomplish this task, White is advised to review his (Doc. 1) complaint

and his (Doc. 19) motion to amend the complaint.  White should then combine the allegations

into one amended complaint.  These actions are necessary in order to put all the defendants on

fair notice of the claims against them.

## IV.     RECOMMENDATION

For the forgoing reasons, it is recommended that the plaintiff's request for injunctive relief (Docs. 8, 9, 11) be denied as moot and that the plaintiff's request to amend the complaint (Doc. 19) be denied.  It is further recommended that the plaintiff be granted leave for 30 days to properly file an amended complaint.

**SO RECOMMENDED.**

**DATED: October 19, 2012.**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**