IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES WHITE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.: **3:12-cv-00075-JPG-PMF** |
| ) | |
| **WARDEN RYKER,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is Defendant Phillip Martin's (Doc. 99) motion to dismiss. For the following reasons, it is recommended that the (Doc. 99) motion to dismiss be granted.

On January 24, 2012, Plaintiff Charles White filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. White alleges constitutional violations stemming from his care while at the Lawrence Correctional Center in October 2011. First, he alleges that defendant Fenoglio was deliberately indifferent to his medical condition in violation of the Eighth Amendment. As a result of White's self-imposed hunger strike, he was given a feeding tube. Defendant Fenoglio ordered White's feeding tube to be changed twice a month, then once a week, then twice a week, then every day, until they were changing his feeding tube after every meal. White experienced nose bleeds, vomiting, esophageal pain, extremely high blood pressure, and asphyxiation each time his feeding tube was changed. The medical staff denied pain reliever requests. Defendant Fenoglio placed White in a cell where he was tube feed with unsanitary equipment. The medical staff flushed his feeding tube with brown water, or did not flush it properly allowing air to enter into his stomach. The nurses performing his feeding withheld supplements, and when White

requested more, he was informed he should "eat on his own." He continued to lose weight but was denied supplements when he requested them. White filed grievances but the prison staff is unable to locate his grievances. He was placed in solitary confinement by the prison staff without a disciplinary ticket or hearing. Additionally, White was denied telephone privileges.

The Court screened the complaint pursuant to its authority in 28 U.S.C. § 1915A on August 13, 2012. *See* Doc. 12. After the reviewing the complaint, the Court found that White attempted to bring seven claims as follows:

> **Count 1:** A claim against Defendant Fenoglio and Defendant Ryker for retaliation of a self-imposed hunger strike in violation of the Eighth Amendment.
>
> **Count 2:** A claim against Defendant Fenoglio for cruel and unusual punishment in violation of the Eighth Amendment.
>
> **Count 3:** A claim against Defendant Fenoglio and unidentified Defendants for deliberate indifference to medical needs in violation of the Eighth Amendment.
>
> **Count 4**: A claim against Defendant Fenoglio for unreasonable search and seizure of blood and urine samples in violation of the Fourth Amendment.
>
> **Count 5**: A claim against the prison staff for mail disruption in violation of the First Amendment.
>
> **Count 6:** A claim against the prison staff for mishandling grievance procedures in violation of the Due Process Clause.
>
> **Count 7**: A claim against the prison staff for denying telephone privileges to Plaintiff when he was entitled to them.

*See id*. at 5. When the screening was completed, the Court ruled that Counts 4, 6, and 7 failed to state a claim upon which relief may be granted and dismissed the claims. *See id* at 13. The Court found that Count 5 should be severed into a new action. *See id*. The Court allowed White to proceed on Counts 1, 2, and 3-A. *See id*. The Court further ordered if White wanted to proceed on Count 3-B, he needed to file an amended complaint, specifically naming the

unidentified Defendants in Count 3-B.

On December 14, 2012, White filed an amended complaint as directed by the Court. On March 15, 2013, Defendant Martin filed the instant (Doc. 99) motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Twombly* (internal quotations omitted)). While detailed factual allegations are not required, the plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements". *Twombly*, 550 U.S. at 555 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

Martin argues that White failed to state a claim in his amended complaint for which relief can be granted. In support, Martin cites to controlling caselaw from this circuit providing that "[m]erely invoking the name of a potential Defendant is not sufficient to state a claim against that individual." *See* Doc. 100 at 2 (citing *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998)). Here, White names Martin as a defendant in the caption of the amended complaint but failed to provide factual allegations against Martin. In the merit review order, the Court plainly explained to White what information he needed to include in his amended complaint. *See* Doc. 12 at 13-

14. Accordingly, the amended complaint insufficiently pleads a claim for relief against Defendant Martin.  *See Collins*, 143 F.3d at 334.

## RECOMMENDATION

It is recommended that Defendant Martin's (Doc. 99) motion to dismiss be granted.  It is further recommended that Defendant Martin be dismissed from this case.  If this Report and Recommendation is adopted in its entirety, this case will proceed against the remainder of Defendants.

SO RECOMMENDED.

DATED: June 18, 2013.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE