IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. <u>3:12-cv-00075-JPG-PMF</u> |
| | ) |
| WARDEN RYKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Defendant Baker, Blevin, Clvey, Cummins, Cusick, Dowty, Dr Fenoglio, Garrard, Gobblers, Higgins, Homan, Kaiser, Sellers, Stephns, Troyer, Waggoner, and Woods' ("Defendants") (Doc. 110) motion to dismiss. For the following reasons, it is recommended that the (Doc. 110) motion to dismiss be granted.

The record demonstrates that the *pro se* Plaintiff was served with discovery requests on January 25, 2013. When no response was received to the discovery requests in over a month and a half, Defendants sent Plaintiff a letter again requesting responses. Plaintiff called counsel for Defendants a few days later and stated that he never received the discovery requests. Defendants then forwarded a second courtesy copy of the discovery requests to Plaintiff on March 20, 2013. When no response was received to the courtesy copy, Defendants filed a motion to compel. *See* Doc. 101. Plaintiff failed to respond to the motion compel within the applicable response window. The Court granted the (Doc. 101) motion to compel on May 10, 2013, and directed Plaintiff to provide responses to Defendants' discovery requests within 14 days. *See* Doc. 103. On May 31, 2013, Defendants filed the instant (Doc. 110) motion to dismiss for failure to prosecute after they were unable to procure responses to their discovery requests. Plaintiff failed to file a response to the motion to dismiss.

1

On July 1, 2013, the Court received a notice that mail had been returned as undeliverable to Plaintiff. *See* Doc. 114. Plaintiff had been warned more than once in this case that failure to maintain an updated mailing address would result in involuntary dismissal. *See, e.g.*, Docs. 12, 27. The Court issued an order to show cause as to why this case should not be dismissed for failure to prosecute. *See* Doc. 115. Plaintiff did not file a response to the order to show cause, but he did file a notice of change of address. *See* Doc. 117. While the instant (Doc. 101) motion to dismiss was pending, the Court granted another motion to dismiss (Doc. 99) for failure to state a claim upon which relief can be granted. *See* Docs. 113, 116. Plaintiff failed to file a response to the (Doc. 99) motion to dismiss or an objection to the (Doc. 113) Report and Recommendation.

The above case history more than adequately displays a clear pattern of inaction in abiding by court orders and responding to discovery requests by Plaintiff. His apparent refusal to prosecute this case makes it impractical, if not impossible, for the Defendants to formulate a defense in this case.

It is recommended that Defendant Martin's (Doc. 110) motion to dismiss be granted. It is further recommended that Defendants Baker, Blevin, Clvey, Cummins, Cusick, Dowty, Dr Fenoglio, Garrard, Gobblers, Higgins, Homan, Kaiser, Sellers, Stephns, Troyer, Waggoner, and Woods be dismissed from this case pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. If this Report and Recommendation is adopted in its entirety, this case will proceed against Defendants Hovey, Warden Ryker, and Warden Hodge.

SO RECOMMENDED.

DATED: July 16, 2013.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE