IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES WHITE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.  **3:12-cv-00075-JPG-PMF** |
| | ) |
| **WARDEN RYKER,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

    This case comes before the Court for case management purposes.  On July 17, 2013, the Court issued an order to show cause as to why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* Doc. 119.  That order referred to a case history that was detailed in a prior Report and Recommendation (Doc. 118), which detailed "a clear pattern of inaction in abiding by court orders and responding to discovery requests by Plaintiff." *See id*.

    Plaintiff responded to the (Doc. 119) order to show cause by indicating that he was litigating this case to the best of his ability and complaining that the Court did not appoint him a lawyer in this case. *See* Doc. 120.  Plaintiff was referring this Court's December 6, 2012 order (Doc. 41) denying his (Doc. 37) motion to appoint counsel.  At that time, the Court denied Plaintiff's request to have an attorney recruited for his case, in part, because it was too early in the case to make a determination as to whether he was competent to litigate this matter himself. *See* Doc. 41.  Plaintiff has not requested that the Court reconsider that question, but it is not likely that the Court would have granted a renewed request.  Plaintiff appears to be competent enough to litigate this case through the summary judgment phase of this case.  For example, Plaintiff was able to successfully file an amended complaint that added several defendants to this

1

lawsuit.  This demonstrates that Plaintiff has an understanding of legal concepts, has the ability to comprehend the Court's orders, and has the ability to communicate effectively in writing.  It is also noted that Plaintiff has been released from prison and currently resides in Chicago, Illinois.  Plaintiff should have increased ability to consult attorneys on his own in light of his release.

In addition to the case history identified in the (Doc. 118) Report and Recommendation, mail has recently been returned to the Court as undeliverable. *See* Doc. 123.  Plaintiff has been warned several times that the failure to maintain an updated mailing address would result in dismissal. *See, e.g.*, Docs. 12, 27.  The failure to maintain an updated mailing address makes it impossible for this case to proceed because neither the Court nor the defendants are able to communicate with the Plaintiff.

On July 26, 2013, Plaintiff was sent a notice of impending dismissal for failure to request entry of default against Defendant Hovey. *See* Doc. 121.  The notice informed Plaintiff that Hovey would be dismissed unless Plaintiff moved for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure within 21 days. *Id*.  Plaintiff did not file a response to the notice of impending dismissal or move for entry of default.

It is recommended that the remainder of this case be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  If this Report and Recommendation is adopted in its entirety, this case can be closed.

SO RECOMMENDED.

DATED: August 26, 2013.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE